UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE RENAE M., | Case No. EDCV 19-00539-AGR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff[1] filed this action on March 26, 2019.  The parties filed a Joint Stipulation that addressed the disputed issue.  The court took the matter under submission without oral argument.[2]

Having reviewed the entire file, the court reverses the decision of the Commissioner and remands for reconsideration of the Plaintiff's residual functional capacity assessment during the period beginning April 25, 2017.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge.  (Dkt. Nos. 11, 12.)

I.

**PROCEDURAL BACKGROUND**

On January 14, 2014, Plaintiff[3] filed applications for disability insurance benefits and supplemental security income benefits.[4] Plaintiff alleged an amended onset date of March 1, 2015.[5] The applications were denied initially and upon reconsideration. Administrative Record ("AR") 53, 142-46, 149-54, 248- 59. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On August 17, 2017, the ALJ conducted a hearing at which Plaintiff appeared with counsel and testified. AR 35-63. A different ALJ conducted a supplemental hearing, at which Plaintiff and a vocational expert testified. AR 64-91.

On January 31, 2018, the ALJ issued a decision denying benefits. AR 11-34. On February 4, 2019, the Appeals Council denied the request for review. AR 1-6. This action followed.

II.

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a

---

[3] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[4] As Plaintiff's claims were filed before March 27, 2017, 20 C.F.R. §§ 404.1527 and 416.927 apply. Claims filed on or after March 27, 2017 are governed by 20 C.F.R. §§ 1520c and 416.920c.

[5] Plaintiff amended the onset date to March 1, 2015 at the first hearing. AR 53.

preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

### III.
### DISCUSSION

#### A.    Disability

A person qualifies as disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003).

#### B.    The ALJ's Findings

The ALJ found that Plaintiff's date last insured was December 31, 2017.  AR 17. Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[6] the ALJ found that Plaintiff had the following severe medically determinable impairments:  (1) degenerative disc disease of the lumbar spine; (2) hypertension; (3) status-post cerebral vascular accident; and (4) obesity.  AR 17.

The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to

---

[6] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

perform sedentary work with the following limitations: Plaintiff could not climb ladders ropes, or scaffolds; could perform all other postural activities on an occasional basis; and would need to avoid concentrated exposure to hazards such as unprotected heights and dangerous machinery. AR 21. The ALJ determined that Plaintiff was capable of performing her past relevant work as a data entry clerk. AR 27.

### C. Physical Residual Functional Capacity Assessment

The residual functional capacity ("RFC") assessment measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471 (1986). The RFC is a determination of "'the most [the claimant] can still do despite [the claimant's] limitations.'" *Treichler v. Comm'r*, 775 F.3d 1090, 1097 (9th Cir. 2014) (citation omitted). The ALJ's RFC assessment must be supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Plaintiff argues that the ALJ's residual functional capacity assessment that she is limited to sedentary work[7] is not supported by substantial evidence because (a) the medical source opinions found her capable of medium work; (b) she did not testify that she could perform sedentary work; and (c) an ALJ is not qualified to interpret raw medical evidence.

On July 28, 2014, Dr. Bernabe, a consultative examiner, opined that Plaintiff could perform medium work. *See* AR 453; 20 C.F.R. §§ 404.1567(c), 416.967(c) (defining medium work). On April 29, 2014, state agency physician Dr. Michelotti opined that Plaintiff had the ability to perform medium work. AR 97-100. On March 2, 2015, state agency physician Dr. Saphir agreed. AR 122-23.

The ALJ gave some weight to these opinions but found that Plaintiff's obesity, hypertension and status post cerebrovascular accident supported a "sedentary residual functional capacity with postural restrictions and the need to avoid concentrated

---

[7] Plaintiff does not appear to challenge the ALJ's other restrictions. *See* AR 98, 122-23, 453, 788.

4

exposure to hazards." AR 23-24.

To the extent Plaintiff argues that an ALJ is required to accept or reject a medical source opinion as an all or nothing proposition, Plaintiff is incorrect. *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989) ("'It is not necessary to agree with everything an expert witness says in order to hold that his testimony contains "substantial evidence."'" (citation omitted)). Moreover, for purposes of disability insurance benefits or supplemental security income benefits, an assessment that a claimant is capable of medium work necessarily means that the same claimant can do sedentary or light work. 20 C.F.R. §§ 404.1567(c), 416.967(c) ("If someone can do medium work, we determine that he or she can also do sedentary and light work."). Given that the ALJ's RFC assessment was more restrictive than the medical source opinions that Plaintiff could do medium work, any error would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination'" (citation omitted)).

"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a). Plaintiff contends that the ALJ erred in finding that "examinations in the record chronicle fully intact neurological findings." AR 22; AR 453 (consultative examination on 7/28/14 noting normal sensation and reflexes); AR 604 (progress note on 1/5/17 indicating Plaintiff was alert and oriented with intact sensory and motor exam);[8] AR 561 (progress note on 4/25/17 indicating non focal neurological exam);[9] AR 740 (progress note on 12/12/17 that indicated non focal neurological exam and did not diagnose neurological issue). Plaintiff argues that, in the progress note on

---

[8] The review of systems noted no ataxia, numbness, tingling, focal motor or sensory deficits, dizziness, lightheadedness, tremors, gait abnormalities, headache, memory loss or confusion. AR 604.

[9] Plaintiff argues that Dr. Atiya noted lumbago that rendered her unable to perform range of motion testing or ambulate without a walker on that date. AR 561.

April 25, 2017 cited by the ALJ, Dr. Atiya diagnosed lumbago with sciatica, right side. Dr. Atiya noted that her lumbago rendered her unable to perform any range of motion testing or ambulate without a walker. AR 561. He referred Plaintiff for "evaluation and treatment for Lumbago due to stenosis of lumbar vertebrae." AR 562. Plaintiff underwent physical therapy, which did not improve her sciatica during June-July 2017. AR 658-80. Plaintiff underwent physical therapy, which did not improve her sciatica during June-July 2017. AR 658-80. Progress notes on July 11, 2017 continued to indicate lumbago with sciatica and the use of a walker for mobility. AR 747-49. Subsequent progress notes focused on other problems. On August 3, 2017, Plaintiff's neurological examination indicated a positive Tinel's sign for carpal tunnel syndrome. AR 745. On October 6, 2017, Plaintiff had slow and slightly slurred speech, and was diagnosed with a cerebrovascular accident. AR 743. The subsequent progress note on December 12, 2017 cited by the ALJ noted Plaintiff's status post stroke and diagnosed cardiology issues. AR 26, 740. The review of systems noted general weakness after stroke, use of a walker for mobility, back pain and complaints of memory loss, speech difficulties and gait abnormality. AR 740; *see also* AR 56 (Plaintiff came to first hearing with walker in Aug. 2017).

It appears that Plaintiff's medical condition materially deteriorated as of April 25, 2017, after the consultative examination in July 2014 and the state agency opinion on reconsideration in March 2015. The ALJ did not adequately consider this medical evidence on the question of whether Plaintiff established disability before her date last insured. AR 26. This matter will be remanded for reconsideration of Plaintiff's residual functional capacity as of April 25, 2017.

## IV.

## **ORDER**

For the reasons discussed above, the Court reverses the Commissioner's decision and remands for reconsideration of the Plaintiff's residual functional capacity assessment during the period beginning April 25, 2017.

DATED: November 9, 2020

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

7